UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

NAKEITH CARLOS SPARKMAN                    CIVIL ACTION

VERSUS                                     NUMBER: 12-0904

JEFFERSON PARISH CORRECTIONAL              SECTION: "N"(5)
FACILITY


## REPORT AND RECOMMENDATION

Pro se plaintiff, Nakeith Carlos Sparkman, filed the instant

in forma pauperis 42 U.S.C. §1983 action, naming as his sole

defendant the Jefferson Parish Correctional Facility.[1]  Plaintiff

complains that African-American inmates with long hair are being

discriminated against at the JPCC.  Specifically, plaintiff states

that African-American inmates with long hair are deprived of their

phone, yard and commissary privileges until they cut their hair.

Caucasian inmates with long hair, however, are not deprived of any

privileges.

In relief, plaintiff seeks monetary damages for his "pain and

_____

[1]The actual name of the defendant is the Jefferson Parish
Correctional Center ("JPCC").  As such, the Court, in its Report
and Recommendation, will refer to the defendant as the JPCC.

suffering". Plaintiff also wants his privileges restored and wants the JPCC to stop discriminating against African-American inmates.

An _in forma pauperis_ complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2). The court has broad discretion in determining the frivolous nature of the complaint. See Cay v. Estelle, 789 F.2d 318 (5th Cir. 1986), modified on other grounds by Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In doing so, the court has ". . . not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); see also Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994) (citation omitted); Booker, 2 F.3d at 116.

Section 1983 imposes liability on any "person" who violates another's constitutional rights while acting under color of state law. 42 U.S.C. §1983; see Will v. Mich. Dep't of State Police, 491

U.S. 58 (1989). Rule 17(b) of the Federal Rules of Civil Procedure provides that "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." See Fed.R.Civ.P. 17(b).

According to Fed.R.Civ.P. 17(b), Louisiana law governs whether a defendant can be sued. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes personality, such as a corporation or partnership." La. Civ. Code art. 24.

Under federal law, a county (or parish) prison facility, is not a "person" within the meaning of the statute. Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570 at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Admin., No. 97-CIV-0420(SS), 1997 WL 659100 at *6 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Hancock v. Washtenaw County Prosecutor's Office, 548 F. Supp. 1255, 1256 (E.D. Mich. 1982). In addition, a parish correctional facility is not a proper defendant because it lacks capacity to be sued as required under Fed.R.Civ.P. 17(b) and Louisiana law.

Although Louisiana courts have not ruled on the issue of whether a parish correctional facility is a juridical person that can sue or be sued, the Louisiana Supreme Court in Roberts v.

3

<u>Sewerage and Water Board of New Orleans</u>, 634 So.2d 341, 346-347 (La. 1994), set forth a framework within which to determine an entity's juridical status.  The Court in <u>Roberts</u> stated:

> [t]he important determination with respect to the juridical status or legal capacity of an entity is not its creator, nor its size, shape, or label.  Rather the determination that must be made in each particular case is whether the entity can appropriately be regarded as an additional and separate government unit for the particular purpose at issue.  In the absence of positive law to the contrary, a local government unit may be deemed to be a juridical person separate and distinct from other government entities, when the organic law grants it the legal capacity to function independently and not just as the agency or division of another governmental entity.  1 Sands & Libonati, §2.18 and authorities cited therein, §§2.19, 2.20.
>
> Such a determination will depend on an analysis of specifically what the entity is legally empowered to do. 1 Sands & Libonati, §2.02.

<u>Roberts</u>, 634 So.2d at 346-47.  In concluding that the Sewerage and Water Board was capable of being sued, the <u>Roberts</u> Court focused its analysis on the independent management, financing, and operations of the Board.  <u>See</u> <u>Id</u>., at 352.

By contrast, in <u>City Council of Lafayette v. Bowen</u>, 649 So.2d 611, 616 (La. App. 3rd Cir. 1994), <u>writ denied</u>, 650 So.2d 244 (La. 1995), the Louisiana Third Circuit Court of Appeal held that under the <u>Roberts</u> analysis, the City Council of Lafayette had no capacity to sue or be sued.  In so holding, the Court expressly found "no authority, constitutional, statutory, or via home rule charter that

authorizes the Lafayette City Council to institute of its own motion, a lawsuit." <u>Bowen</u>, 649 So.2d at 613.

Furthermore, Louisiana law divides the responsibility for its parish jails. The parish government is charged with its jails' physical maintenance. La. Rev. Stat. Ann. §15:702. However, the duty to administer and operate the jails falls on the sheriff of each parish. La. Rev. Stat. Ann. §15:704. The office of sheriff is a constitutionally created office in Louisiana, existing separately from the parish government. La. Const. Art. 5 §27; <u>see</u> <u>Langley v. City of Monroe</u>, 582 So.2d 367, 368 (La. App. 2 Cir. 1991) (The parish could not be liable for injuries attributed to the sheriff).

Under the <u>Roberts</u> framework, the JPCC is not "legally empowered to do" anything independently of either the parish officials or the parish sheriff. The prison is not a separate entity, but merely a shared branch or facility of these greater entities.

Thus, a parish correctional facility or jail is "not an entity, but a building." <u>See</u> <u>Jones v. St. Tammany Parish Jail</u>, 4 F. Supp.2d 606, 613 (E.D. La. 1998) (dismissing the St. Tammany Parish Jail with prejudice). Therefore, plaintiff's claims, urged against the JPCC, are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to 28 U.S.C. §1915(e)(2).

5

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's Section 1983 claims be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. §636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this 11th day of _____May_____, 2012.

ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.